## Wabash Railroad Company v. Hugh Wilson.

1. INSTRUCTIONS—*Must be Confined to the Evidence Which Tends to Prove the Negligence that Caused the Injury.*—Instructions should be confined to the evidence which tends to prove the negligence which caused the injury.

**Action for Injuries to Personal Property.**—Trial in the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded. Opinion filed February 7, 1899.

GEO. B. BURNETT, attorney for appellant.

WM. TULLOCH WILSON, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of ninety dollars, recovered by appellee from appellant for negligently causing the death of his horse.

The declaration alleges that while the plaintiff was driving his horse over a street crossing which intersects the defendant's railroad within the city of Jacksonville, after the crossing had been blocked for thirty minutes, the horse became frightened at a locomotive engine which was negligently permitted to stand upon the crossing and at the steam which was negligently permitted to escape from the engine and was so injured by running into the shaft of another wagon then on the street that he died. The evidence in the record shows that after the street crossing in question had been blocked by a train of freight cars for about thirty minutes, the train was backed up east of the track and again stopped, with the engine left projecting into the street fifteen feet. The street at that point is sixty feet wide. After opening the gates, the flagman in charge of the crossing beckoned the plaintiff and others who had been waiting to pass over. In passing over, a double team, driven by a man named Clark, was to the side and east of plaintiff's horse, next to the engine. The double team became frightened at steam escaping from the engine and started to run. The plaintiff's horse became nervous and frightened at the double team and the smoke and steam from the engine, the plaintiff lost control of him and the horse in plunging among the teams on the crowded street ran into the shaft of a buggy and thereby sustained injuries from which he died.

While the blocking of the crossing for thirty minutes by the train of cars was an unlawful act, it is apparent from the evidence that it was not the proximate cause of the injury. The horse became frightened and ran away because of the steam and smoke escaping from the engine and the running of other horses. At the time of the horses taking fright that portion of the crossing traveled by teams was in no wise obstructed. If the defendant is liable it must be because its servants negligently and recklessly caused steam to escape from the engine so near to the horses. And yet the first instruction given to the jury in behalf of the plaintiff reads as follows:

"(1) The court instructs the jury that if they believe from the evidence that the defendant, The Wabash Railroad Company, obstructed the public highway for more than ten minutes, at one time, on the occasion in question, by the train in question, and if they further believe that the injury complained of in the case was caused from the negligence aforesaid, then they should find the defendant guilty."

Instructions should be confined to the evidence which tends to prove the negligence which caused the injury. Instructions four and six given for the plaintiff are objectionable for the same reason.

As the case will have to be submitted to another jury we do not care to express any opinion as to the merits of the case, except to say that the evidence was sufficient to allow the case to go to the jury, and that for that reason the court did not err in refusing the instruction directing a verdict for the defendant. Reversed and remanded.